IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISON

| | |
|---|---|
| JavaGenesis Coffee Roasting, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| OpenGateFarmFL, LLC d/b/a ) | |
| Genesis Coffee Roasters, ) | |
| ) | |
| _____Defendant._____) | |

## **VERIFIED COMPLAINT**

Plaintiff JavaGenesis Coffee Roasting, LLC ("JavaGenesis"), hereby files this, its Verified Complaint, respectfully showing this Court as follows:

## **NATURE OF ACTION**

1.    This is a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051—1141.  Plaintiff seeks equitable and monetary relief as a result of Defendant's willful and knowing violations of Plaintiff's trademark rights, which Plaintiff has extensively used and promoted throughout the United States.  Defendant, a competitor, has unlawfully and with actual knowledge made use of marks substantially identical to Plaintiff's

1

protected marks and, through its actions, has infringed Plaintiff's trademark rights and has engaged in unfair competition.

## PARTIES

2.      Plaintiff JavaGenesis is a Georgia limited liability company with a principal place of business at 532 Johannah Place, Lilburn, Georgia 30047.

3.      Defendant OpenGateFarmFL, LLC, d/b/a Genesis Coffee Roasters, is a Florida limited liability company with a principal place of business at 14626 West Highway 318, Williston, Florida 32696.

## JURISDICTION

4.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Florida.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district.

## JAVAGENESIS'S BUSINESS, SERVICES, AND PROTECTED MARKS

7.     JavaGenesis is an artisanal, small-batch, specialty coffee roaster and merchant that sells specialty coffees and related products.

8.     JavaGenesis is the registered trademark owner of the name JAVAGENESIS (the "Word Mark"), which registration issued on January 15, 2013.  JavaGenesis is also the owner of the related design mark (the "Design Mark"; collectively with the Word Mark, the "Marks").  A true and correct copy of a document from the United States Patent and Trademark Office ("USPTO") evidencing the registration and ownership of the Word Mark is attached hereto as Exhibit A.  The registration evidenced by Exhibit A is valid, subsisting, unrevoked, and un-cancelled.  Plaintiff also owns common law rights in the Marks.

9.     JavaGenesis has been using the Marks since May of 2012.

10.     The Word Mark is protected by U.S. Trademark Registration Number 4,276,963.

11.     JavaGenesis promotes its services, in part, by using the Marks extensively through various types of media, including digital and print media. JavaGenesis likewise promotes and markets its services through popular and

highly trafficked social-networking websites, as well as its own website with the domain name www.javagensiscoffeeroasting.com.

12.     As a result of Plaintiff's business practices and marketing efforts, the Marks now connote the provision of artisanal, small-batch coffee products and services.

13.     Plaintiff has expended considerable money, time, and resources in promoting its Marks and in developing the goodwill associated with the Marks.

14.     As a result of these efforts, and through their use in commerce, the Marks have become well-known and have acquired strong consumer recognition signifying JavaGenesis's provision of artisanal, small-batch coffee products and services.

## DEFENDANT AND ITS INFRINGING ACTIVITIES

15.     Defendant OpenGateFarmFL, LLC, d/b/a Genesis Coffee Roasters, operates a business engaged in the sale of coffee products substantially similar to those offered by JavaGenesis, and does so using a name that adopts Plaintiff's Marks almost exactly.

16.     Defendant maintains a website with a domain name of www.genesis coffeeroasters.com, through which it promotes and sells its coffee products that are substantially similar to those offered by Plaintiff.

17.     Thus, Defendant has benefitted from, continues to benefit from, and intends to benefit from the goodwill and name recognition associated with JavaGenesis's Marks.

## INJURY TO PLAINTIFF AND PUBLIC

19.     Upon first learning of Defendant's unauthorized use and infringement of the Marks, JavaGenesis sent Defendant a cease and desist letter dated December 22, 2014, a true and correct copy of which is attached hereto as Exhibit B.

26.     Hugh J. McFadden, Managing General Partner of OpenGateFarmFL, LLC, subsequently responded by email on January 5, 2015, acknowledging receipt of the December 22, 2014, notice, and indicating his intent to discuss same with counsel.   Mr. McFadden again responded by email on January 7, 2015, and promised a substantive response to the December 22, 2014, notice.   Mr. McFadden subsequently refused to cease and desist from his use of the infringing marks.

27.    Defendant has, therefore, continued, subsequent to the receipt of the letter from Plaintiff, to willfully and knowingly infringe upon the Marks, despite being made aware of Plaintiff's ownership of the Marks.

28.    Defendant's unauthorized use of the Marks is likely to cause confusion, mistake, and deception as to the source or origin of Defendant and its services and products, and is likely to falsely suggest a sponsorship, connection, or association of Defendant, its services, and/or commercial activities with Plaintiff.

29.    Defendant's unauthorized use of the Marks has damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Plaintiff and its Marks.

30.    Defendant's unauthorized use of the Marks has irreparably injured and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion.

## FIRST CAUSE OF ACTION
(Trademark Infringement – 15 U.S.C. § 1114(1))

31.    Plaintiff hereby incorporates by reference the previous allegations as if fully set forth herein verbatim.

32.    Without Plaintiff's consent, Defendant has used and continues to use in commerce reproductions, copies, and colorable imitations of Plaintiff's registered and common law Marks in connection with the offering, and/or advertising of goods and services, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND CAUSE OF ACTION
(Trademark Infringement – 15 U.S.C. § 1125(a)(1)(A))

33.    Plaintiff hereby incorporates by reference the previous allegations as if fully set forth herein verbatim.

34.    Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its services, and/or its commercial activities by or with Plaintiff, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of the Lanham Act, 1 5 U.S.C. § 1125(a)(1)(A).

## THIRD CAUSE OF ACTION
(Injunctive Relief)

35.    Plaintiff hereby incorporates by reference the previous allegations as if fully set forth herein verbatim.

36.    As set forth herein, Defendant's actions have caused, and will continue to cause, Plaintiff to suffer irreparable harm.

37.    Plaintiff has demonstrated a substantial likelihood of success on the merits.

38.    The harm resulting to the Plaintiff from denial of the injunction substantially outweighs the harm to defendant from granting the injunction.

39.    Plaintiff, therefore, is entitled to the grant of both preliminary and permanent injunctive relief, restraining Defendant from continuing its infringing activities as outlined herein above.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

a) Preliminary and permanent injunctive relief enjoining Defendant from:

    a. Using, registering, or seeking to register its marks that are confusingly similar to or dilutive of Plaintiff's Marks outlined above in manners likely to cause confusion with Plaintiff's Mark, including, but not limited to, in connection with any other wording, signage, or advertising; and

8

    b.  From representing by any means whatsoever, directly or indirectly, that Defendant, any services offered by Defendant, or any activities undertaken by Defendant, are associated or connected, in any way, with Plaintiff or sponsored by or affiliated with Plaintiff in any way;

    c.  From continuing to make use of the www.genesis coffeeroasters.com domain name, and from continuing to make use of the Genesis Coffee Roasting business name, or other iteration thereof;

    d.  From continuing to make use of the name "Genesis Coffee Roasters," or similar iteration thereof.

b) An Order declaring that Defendant's use of its mark infringes upon Plaintiff's Mark; and

c) An Order directing Defendant to destroy all products, signage, advertisements, promotional materials, stationary, forms, and/or any other materials and things that contain or bear the confusingly similar marks to Plaintiff's Marks in accordance with 15 U.S.C. § 1118; and

d) An Order awarding Plaintiff compensatory damages, disgorgement of Plaintiff's profits, an award of treble damages, and an award of costs and attorney's fees associated with the filing of this action pursuant to 15 U.S.C. § and 1117.

e) Such other and further relief as this Court deems just and proper.

Respectfully submitted,
/s/Paden E. Woodruff, IV/
Paden E. Woodruff, IV, Esq.
Paden.woodruff@woodruffblack.com
Florida Bar No. 84803
Woodruff & Black, LLC
322 Anderson Street
Tallahassee, FL 32303
850-509-9099 – office
Co-Counsel for Plaintiff

AND

ANDERSEN, TATE & CARR, P.C.

Thomas T. Tate
ttate@atclawfirm.com
Ga. Bar No. 698879
Robert D. Thomas
Ga. Bar No. 276646
rthomas@atclawfirm.com
(*admission pending pro hac vice*)
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia 30097

10

(770) 822-0900 – Telephone
Co-Counsel for Plaintiff